Rowand, Clerk of the Court of Quarter Sessions of the Peace of the County of Allegheny *versus* The County of Allegheny.

1. The Act of the 15th of April, 1834, relating to County Auditors does not make it a part of their duty to audit the accounts of the Clerk of the Court of Quarter Sessions of the Peace, hence the Act of the 1st of May, 1861, creating the office of Controller of Allegheny County, and devolving upon him *inter alia* all the duties of County Auditor, so far as regards county accounts, does not include the auditing of the accounts of the Clerk of the said court.

2. The Court of Common Pleas has jurisdiction of an action by the County against the Clerk of the Court of Quarter Sessions of the Peace to recover fees belonging to the county which he has collected and which he has not paid over.

November 10th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term, 1885, No. 139.

This was an action of assumpsit by the County of Allegheny against A. H. Rowand, Clerk of the Court of Quarter Sessions of the Peace, for money belonging to the County which had been lawfully collected by that officer, but had not been paid over. The defendant pleaded non-assumpsit. There had not been any settlement or audit of the officer's accounts by the Controller of the County.

May 22d, 1885, verdict for plaintiff in the sum of twenty-eight thousand five hundred and twenty-$\frac{96}{100}$ dollars, subject to

[Rowand *v.* The County of Allegheny.]

the opinion of the Court upon the question of law reserved, to wit: We find that of the above amount for which the verdict is found, the sum of seven thousand and one hundred and sixty-two dollars is for the amount of moneys remaining in the hands of defendant, received by him under color of his office as witnesses' fees and magistrates costs, and which have not been paid or settled by the defendant. We further find that the defendant ceased to be Clerk of Courts on the first Monday of January, 1885, by expiration of his term. If the Court be of the opinion that the defendant is liable for the sum last mentioned, then judgment to be entered against the defendant for the full amount of the verdict. If the Court should be of the opinion that the law is with the defendant, then judgment to be entered against the defendant for the difference between the full verdict and the amount so found to be in defendant's hands received for witnesses, etc.

May 26th, 1885. Motion and reasons for a new trial and motion in arrest of judgment.

The Court, EWING, P. J., filed the following opinion overruling the motion for a new trial and the motion in arrest of judgment.

The defendant has no good reason to complain of the rulings of the Court during the trial, nor of the findings of fact by the jury. Without ignoring their oaths, the jury could not well have found for a less amount against the defendant. The evidence warranted a finding for a larger sum than the verdict rendered.

The jury made a liberal estimate in favor of the defendant as to the proportion of the whole verdict owing for witness fees, magistrates' costs, etc. The motion for a new trial is therefore overruled.

Perhaps the most serious question now pending in the case is defendant's motion in arrest of judgment, on the ground that this Court, in the present form of action, has no jurisdiction in the case, for the alleged reason that the Controller of Allegheny County is, by statute, made the auditor of the accounts of the Clerk; and it is claimed that the case can only come into this Court by appeal from the decision of the Controller, or by suit on his settlement.

This point is not raised by the pleadings, nor was it suggested on the trial of the case. It is now raised for the first time by the very able and astute counsel who appears for the first time in the case to argue this motion.

The 5th Section of the Act of Assembly of 1st May, 1861, P. L., p. 450, creating the office and prescribing the duties of the Controller of Allegheny County, provides that "the said Controller shall have a general supervision and control of the

[Rowand v. The County of Allegheny.]

fiscal affairs of the County, and of the accounts and official acts of all officers and other persons who shall collect, receive, or distribute the public moneys, or who shall be charged with the custody thereof; and he may at any time require from any of them, in writing, an account of all moneys or property of the County which may have come into their hands or under their control; and he shall immediately, on the discovery of any default or delinquency, report the same to the Commissioners and to the Court of Common Pleas of said County, and shall take immediate measures to secure the public moneys or property, and to remove the delinquent party if in office and not removed by the Commissioners."

The 18th Section of the same Act devolves on the Controller the duties devolved on the County Auditors by Act of 15th of April, 1834, " so far as regards County accounts and State taxes for which the County is or may be liable. . . . . . And the report required by the 7th Section of this Act shall have the same effect as the report of Auditors under said Act of 15th April, 1834; and all the provisions of said Act in reference to appeals from the Auditors' report are extended to the Controller under this Act. The 7th Section of this Act requires the Controller annually to make a report to the Court " of all receipts and expenditures of the County for the preceding year in detail . . . . . which report shall be published, etc.; which publication shall be in lieu of that required by the 22d Section of the Act of 15th April, 1834." This report must include all moneys received from all sources, but clearly it only affects conclusively the officers named in the statute.

By the Act of 6th April, 1871, P. L., 476, and the Act of 31st March, 1876, P. L., 13, the Clerk of Courts became a salaried officer, and the fees earned or received in the office became the property of the County.

The 2d Section of the Act of 1871 and of the Act of 1876 requires the officer to keep an account of fees, etc., and to make a monthly return thereof to the treasurer, and to make a transcript of his account book and return the same under oath to the Controller, who shall file the same in his office and charge the treasurer therewith.

It is claimed that these provisions bring the accounts of the Clerk of the Courts under the supervision of the Controller acting as an auditor, and that he must settle the account, and that such settlement is conclusive unless appealed from.

If the Clerk of Court's account is to be audited by the Controller with like effect as the County Treasurer's accounts are audited, there is no doubt of the correctness of the

position of defendant's counsel: Blackmore *v.* The County of Allegheny, 1 P. F. S., 160.

By reference to the Act of 15th April, 1834. P. L., 545, § 48, Purd. Dig., 376, it appears that the powers and duties of the County Auditors were " to audit, settle and adjust the accounts of the Commissioners, Treasurer, Sheriff and Coroner of the County, and make report thereof to the Court of Common Pleas."

The 49th Section (afterwards repealed) required them to audit the accounts of the County Treasurer and such other County officer receiving money for the use of the Commonwealth as may be referred to them by the Auditor General.

When the Act of 1861 abolished the office of County Auditor for Allegheny County and devolved their powers and duties on the Controller, they had no authority whatever to pass on the accounts of the Clerk of the Courts.

If, therefore, the power to conclusively settle the account of the Clerk is lodged with the Controller it is wholly by implication, and that implication must go to the extent of giving an appeal; and we take it also of making the report and award a judgment and lien against defendant's property, following out the provisions of the Act of 15th April, 1834.

Nowhere in the Controller's Act or in the Acts of 1871 or 1876 is there any suggestion of a right to file the decision of the Controller in Court as an award or judgment, or the right of appeal by either party. To extend these provisions by implication would be contrary to settled rules of interpretation —it would be taking away the common law rights of the parties.

While at first impression we were inclined to think the point well taken, on a careful examination we are satisfied that the conclusion of the able counsel who prepared the pleadings on both sides is the correct one, and that the Controller has no authoritative power to settle the accounts of the Clerk of the Courts so as to bind him or the County.

The case of Mudge *v.* Williamsport, 28 P. F. S., 158, sustains this view. An Act passed 22d March, 1870, P. L., 525, § 29, appointed three auditors " to audit, adjust and settle the accounts of the City Treasurer et al., and make report thereof to the City Council," and provided that they should have the same authority which County Auditors now have by law. The auditors settled the account of Mudge as City Treasurer, finding a balance against him, which report was allowed to be filed in the Court of Common Pleas as a lien. The defendant appealed, and issue was awarded.

The Supreme Court says : " The Act of 1870 is explicit that

[Rowand v. The County of Allegheny.]

such report shall be made to the City Council.    There is no provision in said Act giving to the report when made the conclusive effect of a judgment.    Nor is it made a lien."    The proceedings were reversed and set aside.

In the Acts governing the present case there is no provision for an auditing of the account of the Clerk, nor for a report therein as a settlement.    The Controller takes the oath of the officer, the receipt of the Treasurer, and files the account so presented as a charge against the Treasurer.

The view we take of the proper construction of the statutes renders it unnecessary for us to decide as to whether or not the objection to the jurisdiction is taken in time.    The motion in arrest of judgment is overruled.

And now, 15th July, 1885, after argument and upon consideration the motion for a new trial and the motion in arrest of judgment are respectively overruled.

And the Court being of the opinion that in the question of law reserved, the law is with the defendant as to the amount specified in the verdict as subject to said question, it is ordered that on payment of the verdict fee judgment be entered against the defendant in favor of the plaintiff for the sum of twenty-one thousand three hundred and fifty-eight $\frac{96}{100}$ dollars (21,358.96), with interest from the date of verdict and with costs of suit *non obstante veredicto* for a larger amount.

And thereupon judgment.    Whereupon the defendant took this writ assigning for error the entering of judgment, and the further assignment of error that the Court below had no jurisdiction to try the case.

*John S. Ferguson* (with whom was *W. D. Moore* and *Thos. M. Marshall*) for the plaintiff in error.

*S. H. Geyer* and ———. *Hoyle* (with whom was ———. *Willey*), for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the Court, January 4th, 1886.

That the Court of Common Pleas had jurisdiction of this cause is clearly shown in the opinion on the motion in arrest of judgment, and little can be added to what has been so well said by the President Judge.

Section 48 of the Act of 1834, P. L., 545, requires the County Auditors to settle and adjust the accounts of the Commissioners, Treasurer, Sheriff, and Coroner of the County, and to make report thereof to the Court of Common Pleas, showing the balance due from or to such Commissioners, Treasurer, Sheriff or Coroner.    Section 55 provides that the report shall

be filed among the records of the Court, and from the time of filing shall have the effect of a judgment against the real estate of the officer who shall appear to be indebted; and subsequent sections provide for appeal by the County or the officer within a limited time, if either be dissatisfied, and thereupon the Court may direct an issue to be tried by a jury.

The Act of 1861, P. L., 450, relating to Allegheny County, creates the office of Controller, who shall have among other powers and duties, "a general supervision and control of the fiscal affairs of the county, and of the accounts and official acts of all officers or other persons who shall collect, receive or distribute the public moneys of the county, . . . . . and he shall immediately on discovery of any default or deficiency report the same to the Commissioners and to the Court of Common Pleas of said county, and shall take immediate measures to secure the public moneys or property, and to remove the delinquent party if in office and not removed by the Commissioners." In the month of January in every year he shall make a report to the Court of Common Pleas of all the receipts and expenditures of the County for the preceding year, which report shall include a statement of "all debts and accounts due by or to the county by county officers or others." Expressly he is required to supervise and control the accounts and official acts of all officers, or other persons, who shall collect, receive, or distribute money of the county, and he shall annually make report of the debts and accounts due by or to the county by officers, or others.

The 18th section of the Act provides that all duties devolved on the County Auditors by the Act of April 15th, 1834, and all powers conferred on them by said Act, shall be performed by the Controller, so far as regards county accounts and State taxes for which the county is or may be liable; and the report required by the seventh section shall have the same effect as the report of the auditors under the Act of 1834, and all the provisions of said Act in reference to appeals from the auditors' report are extended to the report of the Controller. The duties and powers thus placed on the Controller relate to only four officers designated by name, for the County Auditors were so restricted by the Act of 1834. This is the extent of the power conferred by the 18th section of the Act of 1861. With regard to the officers named in section 48 of the Act of 1834, the report required of the Controller by the Act of 1861, shall have the same effect as the report of the County Auditors. Section 18 of the later Act relates solely to the duties and powers which previously had been performed by the auditors, and no other part of the Act confers like powers with regard to other officers. The report required of the Controller

[Rowand v. The County of Allegheny.]

embraces many things with which County Auditors had nothing to do. It shall include a statement of the debts and accounts due by or to the county by other persons as well as officers. If officers, other than the Commissioners, Treasurer, Sheriff and Coroner, may be included in the terms of the 18th section of the Act of 1861, so may other persons, and then the Controller is clothed with authority to make report of a debt due to the county from any person, which shall be filed and have the effect of a judgment against the real estate of such person. It is not contended that the Act applies to debts owing by "other persons," so that the report shall have the effect of a judgment as to them.

The contention is that the Act of 1861 places all county officers whose duties involve the receipt of moneys of the county within the provisions of the Act of 1834 relating to County Auditors. Extensive powers are vested in the Controller over the acts of all such officers, which powers are plainly set forth in the statute. But it is nowhere set forth that the report of the Controller shall have the same effect as the report of County Auditors as to all such officers. That the clerk has been made a salaried officer, and the fees he receives belong to the county, is no reason for a forced construction of the statute so that his accounts may be finally adjusted by the Controller performing duties of County Auditors under the Act of 1834. If this could be done, in counties where the statute relating to County Auditors continues in force, should the prothonotaries and clerks of the courts be paid by salary and the fees become the property of the respective counties, the accounts of such prothonotaries and clerks could be legally settled by the county auditors without additional legislation. To this we cannot agree. The courts have no right to inject the words "prothonotary and clerk of the court" into the 48th section of the Act of 1834. If unnamed subjects can be embraced within a statute which names its subjects, by implication, the limit of implication would be the notions of the Judge as to what should have been named.

Judgment affirmed.