## Schuylkill County v. Minogue, Appellant.

*County auditors—Report of—Judgment against attorney of county commissioners—Want of jurisdiction.*

County auditors have no authority to audit the accounts of an attorney employed by the county commissioners to conduct the litigated business of the county.

A judgment entered against such an attorney upon the report of the county auditors is void in its inception, and is not rendered valid by the fact that defendant appealed from the judgment of the county auditors to the common pleas on the day that the court discharged a rule to strike it off.

Argued Feb. 12, 1894. Appeal, No. 412, Jan. T., 1893, by defendant, James F. Minogue, from order of C. P. Schuyl-

kill Co., Jan. T., 1893, No. 227, discharging rule to strike off judgment. Before Sterrett, C. J., Green, Williams, Mitchell and Fell, JJ.   Reversed.

Rule to strike off judgment.   Motion to quash appeal.

From the record it appeared that on December 1, 1892, the auditors of Schuylkill county filed a report finding that James F. Minogue was indebted to the county in the sum of $425, "moneys overdrawn for solicitor's fees." On the same day judgment was entered on the report. On Feb. 20, 1893, the court granted a rule to strike off the judgment. On Feb. 27th the court discharged the rule. On the same day defendant appealed from the county auditors' report to the court of common pleas, which appeal was pending when defendant took this appeal to the Supreme Court.

The appellee moved to quash this appeal.

*Errors assigned* were (1) discharge of rule to strike off judgment; (2) in not striking off judgment; (3) to the jurisdiction of auditors.

*P. M. Dunn, J. F. Minogue* with him, for appellant, cited: Wall v. Wall, 123 Pa. 553; Firmstone v. Mack, 49 Pa. 392; Act of May 3, 1878, P. L. 44; Chester Co. v. Barber, 97 Pa. 455; Rowand v. Allegheny Co., 111 Pa. 315; Mudge v. Williamsport, 78 Pa. 160; McKinney v. Brown, 130 Pa. 368, Allen v. Krips, 119 Pa. 4; Pantall v. Dickey, 123 Pa. 438.

*J. O. Ulrich,* for appellee.—Appellant has no standing here because he appealed from the county auditors' report to the common pleas, as provided by the act of April 15, 1834, P. L. 547. The appeal to the common pleas nullified the judgment which appellant seeks to review here.

Opinion by Mr. Chief Justice Sterrett, March 5, 1894:

Acting on the belief that they had authority to do so, the auditors of Schuylkill county audited the account of the defendant, James F. Minogue, attorney for the county commissioners, and reported him indebted to said county four hundred and twenty-five dollars, moneys overdrawn for solicitor's fees

and thereupon, judgment was entered against him for that sum. It is conceded that the commissioners were also surcharged with a like sum, for unauthorized payment of said fees, which amount is included in judgment entered against them at the same time; but that does not appear in the record now before us, nor is it material to this contention.   In February, 1893, appellant obtained a rule to show cause why the judgment against himself should not be stricken from the record, on the ground that the auditors had no jurisdiction in the premises, etc.   From the decree discharging that rule, this appeal was taken.

Plaintiff relies mainly on its motion to quash on the ground that defendant by appealing from the judgment on the day his rule to show cause was discharged, recognized its force and effect as a judgment, and cannot now say that it is void for want of jurisdiction in the county auditors.   We cannot assent to that proposition.   Want of jurisdiction may be taken advantage of at any stage of the case.   An appeal from the judgment,—taken out of abundance of caution—cannot have the effect of making a void judgment either a voidable or a valid one.   If void in its inception, for want of jurisdiction in the county auditors, it is still void, and the contention should be terminated by striking it from the record.   The motion to quash is therefore denied.

With commendable frankness, the learned counsel for plaintiff, in the course of his argument, conceded that, if his motion to quash failed, he had no case—that when entered the judgment was void for want of jurisdiction, in the county auditors, as to the defendant.   The reason for that will be quite apparent when we consider that county auditors have no common law jurisdiction, and their statutory authority does not embrace the defendant.   It appears that an elective, salaried office, the incumbent of which was called the "solicitor of Schuylkill county," was created by the act of March 15, 1871, P. L. 357, the term of which was three years; but that act was repealed by the act of May 3, 1878, P. L. 44, " to take effect from and after January first, one thousand eight hundred and eighty-one."   Thereafter no such office, properly so called, existed in that county.   The commissioners, however, have been in the habit of annually appointing a member of the bar to take charge

of the county's legal business, and his compensation, it is alleged, has been the subject of agreement between him and the commissioners, depending somewhat on the amount of extra services required in court or outside the county, but not exceeding $925 in any one year. Under such arrangement as that, defendant was retained by the county commissioners in January, 1888, and has continued in their employ. We have not been referred to any statute that gives the county auditors any jurisdiction to call such an employee to account. Section 48 of the act of 1834, P. L. 545, requires the county auditors to settle and adjust the accounts of the commissioners, treasurer, sheriff and coroner of the county, and to make report thereof to the court of common pleas, showing the balance due from or to each of such officers; but we know of no act that either requires or authorizes them to settle and adjust, in like manner, the accounts of an attorney employed by the county commissioners to conduct the litigated business of the county. It follows from what has been said that the report of the auditors and the judgment thereon, in so far as they relate to him, were unauthorized, and the rule to strike off said judgment should have been made absolute at plaintiff's cost: Allen v. Krips, 119 Pa. 4; Pantall v. Dickey, 123 Pa. 438; McKinney v. Brown, 130 Pa. 368.

The decree discharging the rule to show cause is reversed and rule reinstated; and it is now ordered and decreed that the rule be made absolute, and that the costs in the court below and here be paid by the plaintiff.