# William Goehrig, Coroner, *v.* Lycoming County, Appellant.

*County auditors—Accounts of coroners—Act of April* 15, 1834.

Under the Act of April 15, 1834, P. L. 537, sec. 48, county auditors have authority to audit, settle and adjust the accounts of coroners.

*County auditors' reports—Filing reports—Approval of court of common pleas.*

Where it appears from the appearance docket of the court that the report of the county auditors was filed " per cur." and attested by the prothonotary, it may be assumed that the report was filed pursuant to the order of the court.

Argued Feb. 13, 1900. Appeal, No. 1, Feb. T., 1900, by defendant, from decree of C. P. Lycoming Co., March T., 1898, No. 551, granting a writ of mandamus execution to the commissioners of Lycoming county for the payment of a certain balance due plaintiff as coroner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Petition by plaintiff for mandamus execution. Before MAYER, P. J., of the 25th judicial district, specially presiding.

From the record it appears that the county auditors of Lycoming county audited the accounts of plaintiff, as coroner, for the year 1897, and found a balance due him of $124.85, which report was duly filed among the records of the court of common pleas to No. 551, March term, 1898, of the said county, the order of the court with reference to the filing of the said report being as follows: "And now, to wit: February 26, 1898, report of Henry S. Hower, Frank C. Cooke and Chester E. Hall, auditors in and for the county of Lycoming, for the year 1897, filed. Per Curiam. Charles B. Vantine, prothonotary."

The commissioners of the county having refused to pay the said amount to the plaintiff, he filed a petition asking for a writ of mandamus execution to the commissioners, setting forth the above facts, to which the respondents, the commissioners, filed an answer admitting the facts but denying that county auditors had any authority to audit the accounts of the coroner, and

further, that the report was not made to the court of common pleas but merely filed in the office, which was a nullity and not such a compliance with the law as to make the auditor's finding a valid judgment against the county.

The court granted a writ of mandamus execution, from which order the commissioners of the county appealed.

*Error assigned* was in ordering and decreeing that a mandamus execution be issued to the commissioners of Lycoming county.

*J. F. Strieby*, for appellant.— County auditors under section 48 of the Act of April 15, 1834, P. L. 537, have no jurisdiction over the accounts of coroners. They only can audit the accounts of coroners when acting as sheriff.

The proper course for the coroner to collect money due him is not through appeals from the county auditor's reports but by an action at law: Allegheny v. McClung, 53 Pa. 482; Fayette Co. v. Battin, 108 Pa. 591.

The auditor's report was never presented to the court of common pleas. A mere filing of the report is not a compliance with the law, therefore there was no judgment against the county and a mandamus execution was void.

*Otto G. Kaupp*, for appellee.—It was the intention of the legislature by section 48 of the act of 1834, that county auditors should audit the accounts of coroner.

The disjunctive " or " coupling the sheriff and coroner in the latter part of the section is properly used, and it was intended that the section should be construed as referring the statements of balance to each of them to whom a balance might be due.

The mere fact that coroners have formerly brought suit against a county to recover their fees does not make it a conclusion of law that the only remedy of the coroner is by suit.

It has never been decided that county auditors have no jurisdiction over the accounts of coroners.

The offices of sheriff and coroner are separate and distinct: Blackmore v. Allegheny Co., 51 Pa. 160.

The report of the auditor was filed in the records of the court of common pleas in compliance with section 55 of the Act of

April 15, 1834, P. L. 537. No appeal had been taken within sixty days as required by law, and therefore the amount found due the plaintiff as coroner of the county of Lycoming by the auditors became final and conclusive.

The order of the court is a sufficiently full and complete compliance with the act.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900:

The application for a mandamus was based upon the report of the county auditors showing a balance due the plaintiff on his account as coroner. It is contended that the auditors had no jurisdiction over the accounts of the coroner. The act of April 15, 1834, provides that "auditors of each county . . . . shall audit, settle and adjust the accounts of the commissioners, treasurer and sheriff and coroner of the county, and make report thereof to the court of common pleas of such county, together with a statement of the balance due from or to such commissioners, treasurer, sheriff or coroner." It is contended that by the language used in this provision the audit is limited to such accounts of the coroner as he may present for moneys expended or fees due when acting as sheriff. The ground of this contention is that in the latter part of the section quoted, the words "sheriff" and "coroner" are connected by the disjunctive "or."

It is to be observed that in enumerating the officers, whose accounts are made the subject of audit, the word "and" is used in the earlier part of the provision, and in the later part the word "or" is used between the last two officers named. It would be a forced construction to hold that this language limits the audit to accounts of coroners while acting as sheriffs. The offices of sheriff and coroner are distinct. The language of the act does not blend them. The fact that a coroner may be required to perform the duties of a sheriff does not make him a sheriff. In passing upon legislation of the kind before us, we are not impelled by the inexact or ungrammatical use of language to a conclusion palpably at variance with the plain intention of the legislation. Mr. Chief Justice STERRETT and Mr. Justice McCOLLUM, while not passing upon the question before us, have used language in their opinions indicating that the act of 1834 applies to the four officers enumerated:

Northampton Co. v. Herman, 119 Pa. 373; Schuylkill Co. v Minogue, 160 Pa. 164; Schuylkill Co. v. Boyer, 125 Pa. 226. We have no doubt that the county auditors had jurisdiction over the accounts of the coroner, notwithstanding the fact that coroners have been permitted to recover in common-law actions where the effect of the act of 1834 was not brought to the attention of the court.

It remains only to consider whether the report of the auditors was properly filed in the court of common pleas. It appears that the report was indorsed: " No. 551, March term, 1898. Auditor's report for the year 1897. Filed February 21, 1898." The minute of the filing is entered upon the appearance docket, properly entitled and with the following order: " And now, to wit: February 26, 1898, report of Henry S. Hower, Frank C. Cooke and Chester E. Hall, auditors in and for the county of Lycoming, for the year A. D. 1897, filed. Per cur. Charles B. Vantine, prothonotary." In this condition of the record, we are bound to assume that the report was filed pursuant to the order of the court.

The order of the court below is affirmed.