## Frisbie Lumber Company v. Kratzer et al.

*Practice, C. P.—Partnership — Service — Judgment — Transcript — Jurisdiction.*

1. In a suit against a copartnership, there is no authority in law to serve one of the partners outside of the county where suit is instituted.

2. On an exemplified transcript of a judgment against all of the partners under such service on one entered in the Court of Common Pleas of another county, the transcript judgment should be stricken off and all process issued thereunder set aside.

Rules to strike off judgment and to set aside levies as to Allen H. Leibensperger. C. P. Lehigh Co., April T., 1924, No. 812.

*Booth & Barthold*, for plaintiff.

*Henninger & Snyder*, for defendant Leibensperger.

IOBST, J., Dec. 1, 1924.—The plaintiff in this case obtained a judgment against the defendant partnership in the Court of Common Pleas of Northampton County, Pa. No. 812, April Term, is an exemplified report of said judgment entered in the Common Pleas of Lehigh County. By the record and by admission of counsel for plaintiff at the argument the summons in the suit in Northampton County was served upon Preston H. Kratzer personally by the Sheriff of Northampton County, in Northampton County, and was served upon Allen H. Leibensperger in Lehigh County by the Sheriff of Lehigh County, who was deputized by the Sheriff of Northampton County to make the service. No appearance was entered in Northampton County by either Allen H. Leibensperger or Preston H. Kratzer, whereupon judgment was entered against the partnership for the amount of plaintiff's claim. It appears that the Prothonotary of Lehigh County indexed the exemplified record of the judgment obtained in Northampton County against the Bethlehem Development Company, as well as against Allen H. Leibensperger and Preston H. Kratzer individually. At the same time the plaintiff caused to be issued a writ of *scire facias*, directing the Sheriff of Lehigh County to levy upon and sell all of the personal property in the possession of Allen H. Leibensperger, and later on caused to be issued an attachment execution as of No. 2, October Term, 1924, against the Farmers' National Bank of Egypt, Lehigh County, as garnishee, for moneys of Allen H. Leibensperger in its possession. Whereupon Allen H. Leibensperger presented his petition in this court to strike off the judgment entered as of No. 812, April Term, 1924, and to set aside the levies in that case and in the attachment execution. The plaintiff, filing his answers thereto, brought the matter before the court. While this issue was pending, plaintiff instituted an action of *assumpsit* as of No. 48, October Term, 1924, Common Pleas, County of Lehigh, against the same defendant partnership, admittedly on the same cause of action on which judgment had been recovered in Northampton County, and secured service of the summons in this case upon the said Allen H. Leibensperger. In this latter proceeding Allen H. Leibensperger entered an appearance and then filed an affidavit of defence raising questions of law.

The primary questions at issue are the following, namely: *(a)* The service of process in the suit instituted in Northampton County by the Sheriff of Lehigh County upon a resident of Lehigh County in Lehigh County; *(b)* of what effect is a judgment obtained against a partnership in respect to the separate property of one of the partners who was not properly served?

The Act of July 9, 1901, P. L. 614, prescribes the methods of service of

certain process in actions at law and the effect thereof, and providing who shall be made parties to certain writs. It provides for service of summons, etc., by the sheriff "in the county wherein it is issued." In certain actions, to wit, where a trespass or nuisance have been committed on real estate; actions on insurance policies or certificates under certain conditions; actions against foreign corporations; actions for damages caused by automobiles, etc., this act and other acts of the assembly have provided that service of the summons may be had by the sheriff of such other county who shall be deputized for that purpose by the sheriff of the county in which the writ issues. This is a regulation of service only. As said by Mr. Justice Mitchell in Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 457, the words "county wherein it is issued" and "county where the cause of action arose" mean county wherein it was legally issued and county where the location of the property or business gave jurisdiction to the courts under existing law. But nowhere have we been able to find any authority for the service of the writ of summons in *assumpsit* against a partner who resides outside of the county "wherein it was legally issued" by deputizing the sheriff of the resident county of the defendant to serve the writ within that county. We, therefore, come to the conclusion that the service of the writ issued by the Common Pleas of Northampton County upon Allen H. Leibensperger by the Sheriff of Lehigh County, in Lehigh County, was an irregular service and, therefore, bad.

The validity of the judgment against the partnership obtained in the Common Pleas of Northampton County cannot be attacked in this court, nor its merits inquired into: King v. Nimick, 34 Pa. 297; Lacock v. White, 19 Pa. 495. But if the judgment thus obtained against the partnership in Northampton County was erroneously entered against the petitioner, Allen H. Leibensperger, in the Prothonotary's office of Lehigh County, it may be stricken from the records as a void judgment and something not lawfully recorded there: McKinney v. R. P. and J. Brown, 130 Pa. 365; Schuylkill County v. Minogue, 160 Pa. 164; Cover v. Brown et al., 7 Dist. R. 19. There is no question in the mind of the court that the judgment obtained against the partnership is not a good and valid judgment, although service was had only on one of the partners, and that that judgment is binding on all the partnership assets upon execution. We are also convinced that under the judgment thus obtained the plaintiff may follow the assets of that partner who was served with the writ. But before the individual property of Allen H. Leibensperger can be levied upon and sold, he must be brought in on the writ by personal service in orderly and lawful manner. If it is sought to hold not only the partnership property, but the separate and personal estate of each individual partner, then the service must be made upon each partner: Walsh v. Kirby, 228 Pa. 194. Prior to the Act of April 6, 1830, P. L. 277, the plaintiff would now be without a remedy against Allen H. Leibensperger individually. But this act changed the law on that subject. Section 1 of this act reads as follows: "That in all suits now pending or hereafter brought in any court of record in this Commonwealth against joint and several obligors, copartners, promissors or the endorsers of promissory notes, in which the writ or process has not been or may not be served on all of the defendants, and judgment may be obtained against those served with process, such writ, process or judgment shall not be a bar to recovery in another suit against the defendant or defendants not served with process." Therefore, if the plaintiff desires to follow the personal assets of Allen H. Leibensperger, he can have his remedy by the institution of another action. Indeed, while these proceedings above complained of were still pending, the plaintiff has elected thus to proceed.

Frisbie Lumber Company v. Kratzer et al.

The plaintiff has already instituted its suit in the Common Pleas Court of Lehigh County against the defendants, and has secured service of the writ upon Leibensperger. This is the correct practice. We will, therefore, conclude that the entry of the judgment against Allen H. Leibensperger is a mere nullity, and this court will not permit the use of its process to enforce it. The motion to strike off the judgment against Allen H. Leibensperger individually is sustained and all process thereunder is set aside.

In the action instituted by the plaintiff against the defendants in this court as of No. 48, October Term, 1924, wherein the defendant, Allen H. Leibensperger, filed his affidavit of defence raising questions of law, counsel for the defendant, at the argument, asks leave to withdraw his demurrer. This may be done. The defendant will file his affidavit of defence to the matters of fact alleged in plantiff's statement within fifteen days after the filing of this decree.

### Decree of court.

Now, Dec. 1, 1924, the prayer of the petitioner is granted, the judgment entered against Allen H. Leibensperger individually is stricken from the record and all process issued thereunder is set aside. The defendant to file his affidavit of defence in No. 48, October Term, 1924, as above indicated, within fifteen days after the filing of this decree.

From Edwin L. Kohler, Allentown, Pa.