## Laws, Executor, v. Ovenshire et al., County Commissioners.

*Lilley & Wilson,* for petitioner; *R. A. Mercur,* County Solicitor, contra.

CULVER, P. J., Feb. 18, 1930.—This is an application by the executor of the estate of the late Dr. M. C. Hunter, who, at the time of his decease and for some years immediately prior thereto, was the duly elected, qualified and acting coroner of Bradford County, and who performed various services and made returns thereof in some instances, and in others, returns were made by his executor after his decease, for a writ of alternative mandamus to the county commissioners to compel payment by the county of the fees claimed to be due the estate of the said Doctor Hunter.

The county commissioners filed a return thereto, in which they denied that a writ of mandamus will lie and in which the county commissioners dispute the amounts claimed in the various returns made and filed, and contend that the proper remedy is by a common law action in the Common Pleas instead of by mandamus. To this return plaintiff demurred.

At the argument of the matter, briefs were submitted bearing upon the legal aspect of the case, and after careful consideration, we are of opinion that mandamus will not lie, for the reason that the amount due from the

662

County of Bradford to the late coroner's estate has never been passed upon by any tribunal, nor has it ever been ascertained and fixed in the manner provided by law.

We are also of opinion that a common law action is not the proper remedy, nor will it lie to determine the controversy involved in this proceeding. While it is true common law actions have been sustained in several instances by a coroner against a county to recover for his official services, such cases seem to have progressed through the courts without the question of the court's jurisdiction being raised.

The Act of April 15, 1834, P. L. 537, 545, provides that the county auditors shall audit, settle and adjust the accounts of the coroner and shall make return to the court, stating the amount due either to the coroner or county, as the case may be, and a number of cases hold that this is the exclusive remedy. The Superior Court in Goehrig v. Lycoming County, 13 Pa. Superior Ct. 67, squarely rules that the county auditors have jurisdiction to audit, settle and adjust the account of the coroner, and, in commenting thereon, Judge Porter said: "We have no doubt that the county auditors had jurisdiction over the accounts of the coroner, notwithstanding the fact that coroners have been permitted to recover in common law actions where the effect of the Act of 1834 was not brought to the attention of the court."

Being of opinion that the proper tribunal to determine the status of the account between the coroner and the county is the Board of County Auditors, and that until that status shall be determined by such tribunal mandamus will not lie, the proceedings are dismissed.

*Order.*

And now, to wit, Feb. 18, 1930, after due and careful consideration, suggestion *sur* petition for writ of alternative mandamus prayed for in this case is dismissed, at the cost of plaintiff.