## Schrock v. Buechley et al.

*Frank A. Orban, Jr.,* for petitioner.
*C. L. Shaver,* for respondents.

BOOSE, P. J., June 1, 1945.—This case is a petition by Christine Z. Schrock, the present Prothonotary of Somerset County, for a rule upon Waldo E. Buechley, Charles Sechler, and John R. King, the county auditors of said county, to show cause why they should not audit a certain fund in petitioner's office. The petition alleges that petitioner is the present prothonotary of said

county, having succeeded Galen P. Schrock, her husband, the immediate predecessor in said office, now in military service; that said petition is presented in behalf of her said predecessor and herself; that her predecessor and petitioner had a fund in said office known as the " Miscellaneous Fund", into which were paid moneys under order of court, moneys advanced as costs in divorce proceedings and from other miscellaneous sources; that petitioner has requested and demanded that respondents audit said fund and the records thereof for the year 1944, but that respondents have refused to make such audit on the ground that they have no authority so to do, and have been so advised by their counsel; that petitioner and her predecessor were county officers during the year 1944, and received the moneys which constitute said fund in their official capacity, and that the same should and must be audited by the county auditors, and they have been so advised by their counsel; and that petitioner believes that said fund, if not subject to the jurisdiction of the county auditors, should be audited by an auditor appointed by the court.

In compliance with the rule awarded upon said petition, respondents filed an answer admitting petitioner's official capacity; disclaiming knowledge that the petition has been presented in behalf of petitioner and her predecessor in office; denying knowledge of the existence of said fund, except under advice that such fund does exist, but that no accounting is due between the County of Somerset and petitioner; admitting that they have been requested to audit said fund for the year ending the first Monday of January 1945; averring that they requested and were furnished a written opinion by their solicitor as to their jurisdiction, authority, and duties with respect to the auditing of said fund, a copy whereof is thereunto annexed and made a part thereof; and averring that respondents have no grounds for either admitting or denying petitioner's belief and

their readiness and willingness to audit said fund and records if, in the opinion of the court, it is their duty so to do.

The question here presented for determination is this: Is it within the powers and duties of the county auditors to audit the fund in controversy? From the evidence heard in support of the petition and answer, it appears that the moneys in the fund, called "Miscellaneous Fund", consist mainly of moneys advanced as security for costs in divorce cases, advertising costs in certain guardianship proceedings, etc. It does not appear that said fund represents any "balance due from or to such county officers". If there are any moneys in said fund which belong to the county, petitioner has faithfully accounted for the same; and there does not seem to be any liability upon the county for the payment of any item of costs in said fund.

The county auditors are constitutional officers (article XIV, sec. 1), but their powers and duties are prescribed by statute. Subject to any restriction imposed by the Constitution, the legislature has power to prescribe the powers and duties of county auditors; and such officers have no authority save such as has been expressly or impliedly conferred upon them by statute, including such implied powers as are necessary to carry into effect the powers expressly delegated. The Act of April 15, 1834, P. L. 537, sec. 48, provided:

"The auditors of each county . . . shall audit, settle and adjust the accounts of the Commissioners, treasurer, and sheriff and coroner of the County, and make report thereof to the Court of Common Pleas of such county, together with a statement of the balance due from or to such commissioners, treasurer, sheriff or Coroner."

Said act was specifically repealed by the Act of May 2, 1929, P. L. 1278, authorized to be cited as "The General County Law", which, however, substantially re-enacted said section: art. IV, sec. 363. Under said re-

pealed statute, it was held that where the county auditors had no authority to audit and settle the accounts of certain officials (prothonotary and district attorney), they cannot acquire jurisdiction by the voluntary appearance of such officers and the submission of their accounts for settlement: Mansel's Appeal, 4 Dist. R. 487. Neither did said act make it a part of their duties to audit the accounts of the clerks of courts: Rowand, Clerk of Q. S. of the Peace of the County of Allegheny v. The County of Allegheny, 111 Pa. 309; nor did it confer any authority upon said officials to audit the accounts of an attorney employed by the county to conduct certain litigation: Schuylkill Co. v. Minogue, 160 Pa. 164; nor to the audit of certain funds received by the county treasurer belonging to the city as proceeds of liquor licenses: Lehigh Co. v. Gossler, 24 Pa. Superior Ct. 406.

Prior to the Act of June 9, 1931, P. L. 401, amending The General County Law of May 2, 1929, P. L. 1278, further amended by the Act of July 28, 1941, P. L. 541, the county auditors had no authority or jurisdiction to audit and settle the accounts of the prothonotary. Said act, as amended, has enlarged the jurisdiction of the county auditors so as to include the accounts of all county officers of the county, and provides as follows:

"The auditors shall audit, settle, and adjust the accounts of all county officers of the county, and make report thereof annually to the court of common pleas of such county in detail, showing distinctly and separately all receipts and expenditures of the several offices and all debts and accounts due, and amount raised from each source of revenue, and the expenditures in detail and classified by reference to the objects thereof, together with a full statement of the financial conditions of the county and a statement of the balance due from or to such county officers."

The manifest object and purpose of said act, as amended, requiring the annual report of the county auditors to set forth in detail the receipts and expendi-

tures of the several officers, is to reflect and show 'the financial condition of the county and a statement of the balance due from or to such county officers". In other words, it is the power and duty of the county auditors to audit, settle, and adjust the accounts and official acts of all the county officers who collect, receive, or disburse the public moneys of the county, or who shall be charged with the management or custody thereof. This becomes more apparent when a comparison is made of the statutes conferring the powers and duties of the county auditors upon a county controller in certain counties. The powers and duties of county controllers and county auditors are substantially the same: O'Gara et al., County Commissioners, v. Phillips, 297 Pa. 526. The fund in the hands of petitioner, designated "Miscellaneous Funds", does not contain or consist of "public money of the county", or money in which the county or the public have any interest. We concur in the opinion and conclusion of respondent's able solicitor to the effect that the county auditors are without authority and jurisdiction to audit the fund in question.

The prayer of the petition is in the alternative. It requests that if the court finds that the said county auditors have no jurisdiction over said fund, the court shall appoint an auditor to audit said fund for the year 1944. No statutory authority has been cited, nor have we been able to find any, which authorizes and empowers the court to appoint an auditor for said purpose. Petitioner is a capable, courteous, and efficient official, and is under bond in a substantial amount for the faithful performance of the duties of her said office. Unless and until some one having an interest in said fund makes complaint that the same is not properly administered by petitioner, we are unable to see the necessity of having said fund audited at the present time.

Now, June 1, 1945, the rule to show cause why the county auditors should not audit said fund is discharged; and the alternative request for the appointment of an auditor to audit the same is declined.