## Wood *against* Hummel.

An obligation of two 'individuals, by which "we bind ourselves, our heirs, executors and administrators, and every of them, firmly by these presents," is joint and several.

THIS was an action of debt on bond by David Hummel against the administrators of Nicholas B. Wood deceased, who was co-obligor with George Pearson. The only question which arose in the cause was, whether the bond on which suit was brought was several, upon which an action could be maintained against the representatives of a deceased co-obligor in the lifetime of the other obligor. The bond was in these words:

"Know all men by these presents, that we, George Pearson and N. B. Wood, both of the borough of Harrisburg, Dauphin county, and Pennsylvania, are held and firmly bound unto David Hummel of the same place, in the sum of 400 dollars, in real specie of gold or silver, lawful and current money of the United States, to be paid to the said David Hummel, or to his certain attorney, executors, administrators or assigns; to which payment, well and truly to be made and done, we bind ourselves, our heirs, executors and administrators, and every of them, firmly by these presents. Sealed with our seals, and dated the 26th day of December, A. D. 1829.

"The condition of this obligation is such, that if the above bounden George Pearson and N. B. Wood, their heirs, executors and administrators, or any of them, shall and do well and truly pay, or cause to be paid, unto the above named David Hummel, or to his certain at-

[Wood v. Hummel.]

torney, executors, administrators or assigns, the just and full sum of
200 dollars, with lawful interest from date, money aforesaid, on or
before the 26th day of December, in the year of our Lord 1830, with-
out fraud or further delay, then the above obligation to be void and
of none effect, or else to be and remain in full force and virtue."

The court (Blythe, president) instructed the jury that the bond
was joint and several, and the plaintiffs were therefore entitled to
their verdict, and they found accordingly.

*J. A. Fisher,* for plaintiff in error, cited, Moser v. Libenguth, 1
*Rawle* 255; 2 *Rawle* 428.

*Alricks,* contra, cited, Geddes v. Hawke, 10 *Serg. & Rawle* 33;
Besore v. Potter, 12 *Serg. & Rawle* 154.

PER CURIAM.—Perhaps an unreasonable effect has been given to
trifling words of severance in cases like the present, particularly in
Geddes *v.* Hawke and Moneugh'*v.* Butler, where words binding
heirs, executors and administrators, and *"each"* of them, were held
to work a severance, though they are such as are used when there
is but one obligor.    It is however too late to recede, particularly in a
case like the present, which is the exact counterpart of Besore *v.*
Potter, 12 *Serg. & Rawle* 154.    On the authority of that case we
hold the bond before us to be joint and several.

Judgment affirmed.