## Commonwealth *v.* Elmer Allen, Appellant.

*Practice, C. P.—Proceedings on bond to commonwealth to take benefit of insolvent law.*

An action on a bond to the commonwealth to take benefit of the insolvent laws in a conviction for fornication and bastardy is properly brought in the name of the commonwealth to the use of the persons interested or at their instance. No assignment or authorization by any officer of the commonwealth is required: Com. v. Snyder, 1 Sup. Ct. 286, followed.

*Insolvent law—Act of June 16, 1836, sec. 47, P. L. 740—Commonwealth is plaintiff in fornication and bastardy prosecutions.*

Section 4 of the act of June 16, 1836, provides that the bond to take the benefit of the insolvent laws shall be given to the plaintiff in the suit or proceeding by virtue of which the applicant is in prison. In a prosecution for fornication and bastardy the commonwealth is the plaintiff in the criminal proceeding, and therefore the arresting creditor, and the bond is properly given to the commonwealth.

Argued April 7, 1896. Appeal, No. 67, April T., 1896, by Elmer Allen, the defendant, from judgment of C. P. No. 1, Allegheny Co., No. 815, Sept. T., 1895, entering judgment for the plaintiff, the commonwealth of Pennsylvania, for use of Maud Bell Scott and all others entitled to intervene plaintiff, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on bond to the commonwealth of Pennsylvania conditioned that one John H. Doyle should appear at the nex:

term of the court of common pleas, Allegheny county, and present his petition for the benefit of the insolvent laws, etc.

The defendant was the surety on said bond.

Judgment was entered against the defendant for want of a sufficient affidavit of defense.

The facts as stated by the opinion of the Superior Court were as follows:

John Doyle was convicted in the court of quarter sessions of Allegheny county of the offense of fornication and bastardy. The record of his conviction, which was made part of the plaintiff's statement of claim in this case, shows that on October 18, 1894, he was sentenced to pay the costs of prosecution, to pay the prosecutrix Maud Bell Scott $25.00 for lying-in expenses; $20.00 for the support of her child to the date of sentence; and also $1.50 per week for the maintenance of the child until it reached the age of five years.

As he paid none of these moneys, he was committed to jail. In due time he applied to the court of common pleas to be discharged from imprisonment, under section 47 of the act of June 16, 1836, P. L. 740, known as the "insolvent law." He was released on giving bond to the commonwealth in the sum of $300 with Elmer Allen as surety, conditioned that he should appear at the next term of said court and present his petition, etc., as required by the act. Failing to appear, the bond became absolute.

*Error assigned* was entering judgment against appellee for want of a sufficient affidavit of defense.

*D. R. Jones,* for appellant.—Appellee has no interest in this bond. It belongs wholly to the county of Allegheny under the act of March 24, 1818, 7 Smith's Laws, 120. It does not appear that the commonwealth has assigned this bond or any part thereof to the use plaintiff, nor that the commonwealth has consented to have suit brought thereon by her.

Presumably the use plaintiff was proceeding under the act of July 30, 1842, P. L. 454. The bond is void as to the use plaintiff: Beacom v. Holmes, 13 S. & R. 189.

The appellant was surety and the construction should be

strictly in his favor: Anderson v. Blakely, 2 W. & S. 237; McGough v. Birmingham, 29 Pitts. L. J. 178.

*Archibald Blakeley,* for appellee.—The title of the act of March 24, 1818, cited by appellant, shows that it does not touch the present proceeding. The petition for relief, bond and discharge from imprisonment in this case were under the act of June 16, 1836, and can be located nowhere else. See also Com. v. Grimes, 116 Pa. 450.

OPINION BY WICKHAM, J., July 16, 1896 (after stating the facts as above):

The surety on the bond, who is the appellant here, contends: First, that Maud Bell Scott, not having obtained an assignment of the bond, has no interest therein and cannot use the name of the commonwealth in bringing suit against the obligor. A sufficient answer to this will be found in Com. v. Snyder, 1 Super. Ct. 286, where a similar question was raised and decided. The court say in that case: " The mode of proceeding on bonds given to the commonwealth by public officers and persons executing private trusts by legal appointment is directed by statute. The action is to be brought in the name of the commonwealth to the use of the persons interested and at their instance. No assignment or authorization by any officer of the commonwealth is required. Though the bond in this case does not, in strictness, belong to that class of obligations, the analogy between them is such that, in the absence of other statutory direction, a similar proceeding for its enforcement may be sustained; otherwise the bond must fail of its purpose, for no officer of the commonwealth has authority to assign it or direct suit on it."

The appellant urges further, that the bond should have been given to the prosecutrix instead of to the commonwealth, and that therefore she cannot in any way be permitted to obtain any benefit from or through it, and should not be allowed to interfere to enforce its collection. Section 4 of the act of 1836 provides that the bond shall be given to the plaintiff in the suit or proceeding, by virtue of which the applicant is imprisoned. Section 47 provides inter alia that one confined upon a conviction of fornication and bastardy may be discharged " on his making application and conforming to the provisions herein-

before directed in the case of insolvent debtors." As the commonwealth was the plaintiff in the criminal proceeding against the appellant, and therefore the arresting creditor, the bond was properly given to the commonwealth. The fact that the prosecutrix, through the sentence imposed upon Doyle, was to receive certain moneys did not, in any sense, make her the plaintiff in the case. The main purpose of the allowance was not to benefit her, but to prevent the child from becoming a public charge, and the amount may be lessened and its recipient changed at any time if circumstances so require. As was said in Phillipi v. Com., 18 Pa. 116, " the benefit to her is incidental and operates to protect not only the township but her offspring, by lessening her inducement to abandon it to the overseers of the poor, or the charity of the world. She is constituted by the sentence a trustee for the township and her child. Her allowance for child bed expenses is all that she can call her own. The policy which deprives her of the capacity to sue for her child's allowance deprives her of the capacity to release it. She is the steward, not the owner of it." The commonwealth it will be thus seen retains its control in the matter.

If the appellant's position is correct it follows that, to make his discharge legal, an insolvent bond like the one in suit should have included as obligees the magistrate who issued the warrant, the officers who served it, the clerk of the court of quarter sessions, the district attorney, every witness called for the commonwealth at the preliminary hearing, the investigation before the grand jury and the trial, together with the prosecutrix and, perhaps, the overseers or directors of the poor. Such a practice has never prevailed so far as we know anywhere in the state. The proper and general, if not universal usage, is indicated in Com. for use v Grimes, 116 Pa. 450, where the bond, as in the present case, was given to the commonwealth alone, and no objection was made on that ground to a recovery by the prosecutrix. Judgment was properly entered against the appellant for want of a sufficient affidavit of defense.

The judgment of the court below is affirmed.