## Lehigh County *v.* Gossler, Appellant.

*Bond—Joint and several liability—Executors and administrators.*

Where by the terms of a bond the obligors "bind ourselves, our heirs, executors and administrators, and each and every one of them," a joint and several obligation is created.

The liability of an executor arises from that of his testator, and necessarily both are bound to the same extent and in like manner. . Therefore, when joint obligors bind each executor, the obligors are by implication severally bound.

*Public officers—County treasurer—Bond—Liquor licenses.*

Under the Act of April 15, 1834, sec. 33, P. L. 537, a bond given by a county treasurer to the county commissioners by name, and describing them as "Commissoners of the County of Lehigh " is valid. Where the treasurer has received moneys belonging to a city as the proceeds of liquor licenses, the city may maintain a suit on the bond in the name of the county to its own use. The fact that money was not received by the treasurer within six years of the commencement of the suit is not a defense, since the obligation to pay is secured by a sealed instrument.

Where a county treasurer has failed to pay over to. a city the proportion of the proceeds of liquor licenses to which it is entitled, he has failed in the condition of his bond requiring that he "faithfully perform the duties of his office."

*Public officers—County treasurer—County auditors—Liquor licenses.*

There is no statutory provision for referring to county auditors the settlement of the county treasurer's accounts respecting the proportion of license taxes payable to cities, borough and townships. All questions relating to these must be determined by the courts. A county treasurer therefore cannot set up against a claim of a city for its proportion of such taxes, an adjudication by the county auditors.

Argued Dec. 9, 1903.    Appeal, No. 208, Oct. T., 1903, by defendant, from order of C. P. Lehigh Co., June T., 1903, No. 45, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lehigh County to use of City of Allentown v. John R. Gossler, Treasurer of Lehigh County. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a county treasurer's bond.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that plaintiff claimed $542 un-

paid balances for its proportion of retail liquor licenses for the years 1894, 1895 and 1896. The bond upon which suit was brought was as follows :

" Know all men by these presents that we, John R. Gossler, John F. Gossler, R. Peter Steckel, Geo. O. Albright, John E. Lentz, Alex. Singmaster, Thomas Johnson, Jacob H. Saeger, F. G. Sieger, Christian Swartz, Thomas Steckel, Walter L. Williams, all of the. County of Lehigh, and State of Pennsylvania, are held and firmly bound unto Phaon Diehl, James F. .Jordan and Milton Kurtz, Commissioners of the County of Lehigh, in the sum of One Hundred and Twenty-five Thousand Dollars lawful money of the United States of America, to be paid to the said county or its certain attorney, successors or assigns, to which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, and each and every of them firmly by these presents. Sealed with our seals at Allentown, Lehigh County, in the Commonwealth aforesaid, this 5th day of December, 1893.

" Whereas, at an election held at the several polling places in said county on the first Tuesday after the first Monday, to wit : the 7th day of November, A. D. 1893, the said John R. Gossler was duly elected Treasurer of the County of Lehigh for the term of three years, to be computed from the first Monday of January, A. D. 1893.

" Now, the condition of this obligation is such that if the above named John R. Gossler faithfully performs the duties of his office, keeps a just account of all moneys that may come into his hands on behalf of the county, delivers to his successor in office all books, papers and accounts and other things held in right of his office, and pay over to his successor in office any balance of money belonging to the county, remaining in his hands, then this obligation to be null and void," etc.

The matters of defense set up in the. affidavit of defense are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*T. F. Diefenderfer*, of *Erdman & Diefenderfer*, with him *J. Thos. Schantz*, for appellant, cited : Kittanning Borough v.

Mast, 15 Pa. Superior Ct. 51; Com. v. Durkin, 109 Pa. 138; Clarke v. Potter County, 1 Pa. 159.

*Evan Holben,* with him *Francis G. Lewis,* for appellee, cited: Pittsburg v. Anderson, 194 Pa. 172; Com. ex rel. Lancaster v. Martin, 170 Pa. 118.

OPINION BY SMITH, J., March 14, 1904:

This action is brought by the county of Lehigh for the use of the city of Allentown against John R. Gossler, on a bond given by him as county treasurer, with ten sureties. The claim is for a portion of the money collected by the treasurer in 1894, 1895 and 1896, for retail liquor licenses in Allentown, under the act of June 9, 1891, which by law is payable to the city, but which has been retained by the treasurer as commissions for collection.

By the terms of the bond, the obligors "bind ourselves, our heirs, executors, administrators, and each and every one of them." It has long been settled that this creates a joint and several obligation: Geddie v. Hawk, 10 S. & R. 33; Besore v. Potter, 12 S. & R. 154; Wood v. Hummel, 4 Watts, 50. The liability of an executor arises from that of his testator, and, necessarily, both are bound to the same extent and in like manner. Therefore, when joint obligors bind each executor, the obligors are by implication severally bound. Hence the action is well brought against the defendant alone.

The bond was given in accordance with the act of April 15, 1834, section 33, and is conditioned in accordance therewith. This section provides that the treasurer "shall give bond with sureties, to the satisfaction of the commissioners," but without specifying the obligee. In Clarke v. Potter County, 1 Pa. 159, the treasurer's bond was given to "the commissioners of Potter county," and this was held sufficient. The bond in the present case, given to the commissioners by name, and describing them as "commissioners of the county of Lehigh," must be equally valid.

All official bonds, whoever may be named as obligee, are given for the use of the parties having a legal interest in their enforcement. The act of June 14, 1836, prescribes the method of proceeding on bonds given to the commonwealth for the

performance of public or private trusts. Though, technically, the bond in this case was not given to the commonwealth, it was given for the performance of a public trust; it may be enforced in like manner, and no authorization by the obligee is necessary: Com. v. Snyder, 1 Pa. Superior Ct. 286; Com. v. Allen, 2 Pa. Superior Ct. 175. To the extent of the money in the treasurer's hands by law payable to the city of Allentown, the city has a legal interest in the enforcement of the bond. That the defendant holds such money is clear: Kittanning v. Mast, 15 Pa. Superior Ct. 51. There is no denial of its receipt by him. That it was not received within six years of the commencement of suit is no defense, since the obligation to pay is secured by a sealed instrument.

The first condition of the bond is that the treasurer " faithfully performs the duties of his office." If the payment of the money claimed by the plaintiff is among these duties, it has not been performed. The treasurer's duty in this matter is clearly defined in Pittsburg v. Anderson, 194 Pa. 172, " Such duty," said Mr. Justice DEAN, " was plainly imposed upon the county treasurer by the acts of 1887 and 1891. He no longer received a cent of the $900 [the proportion payable to the city] for, nor paid over a cent to, the state. It was not in any real sense a gift by the state to the city, but an acknowledgment of the city's equitable claim to the money, and a positive relinquishment of the commonwealth's legal right thereto; thereafter the officer received for and paid over to the city money belonging to the city, and to the city alone was he accountable." In not having paid to the city of Allentown the money here claimed, the defendant has failed in the performance of his official duty, and thus broken the condition of his bond.

A settlement of the treasurer's accounts by the county auditors is conclusive only if they had jurisdiction in the premises: Schuylkill County v. Minogue, 160 Pa. 164. The settlement of the treasurer's accounts by the auditors, as a substitute for the settlement of disputed matters in the courts, is limited in scope. By the act of April 15, 1834, section 37, the treasurer was required to " receive all moneys due or accruing to the county, and to pay the same on warrants drawn by the commissioners; " and " once in each year state his accounts, and produce his vouchers, which, after examination by the commissioners,

shall be. by them laid before the county auditors for settlement according to law." Section 48 required the auditors to "audit, settle and adjust" his accounts, and make report to the common pleas, with a statement of the balance due from him. This settlement was only of the accounts laid before them by the commissioners. Section 49 required the auditors to settle the accounts of the treasurer and certain other officers with the state treasurer, and make a separate report thereof. Under various statutory provisions, they were required to settle the treasurer's accounts for certain military and relief funds. The act of May 23, 1887, provided that the accounts of county treasurers for "school, road, and all other municipal taxes" received by them, "shall be audited and settled by the county auditors at the same time and in the same manner as is now provided by law for the audit and settlement of county taxes collected by county treasurers." Taxes for liquor licenses, not being levied by municipal authorities, cannot be deemed municipal taxes within the meaning of this provision; the purpose of the act was to embrace local taxes on unseated lands, received by the treasurer, in the settlement of his accounts by the auditors. But there is no statutory provision for referring to the auditors the settlement of the treasurer's accounts respecting the proportion of license taxes payable to cities, borough and townships. All questions relating to these must be determined by the courts. The auditors are without jurisdiction. Hence the adjudication by the auditors, alleged by the defendant, is without effect on the plaintiff's claim.

Judgment affirmed.