## Commonwealth to use *v.* Singer, Appellant.

*Bonds—Tax collector—Public officers—Act of June 25, 1885, P. L.* 187.

Where a tax collector's bond is taken in the name of the commissioners of the county, and not in the name of the commonwealth as required by statute, and a suit is brought in the name of the commonwealth as legal plaintiff, the sureties cannot, after a trial upon the merits and a judgment against them, complain of the variance between the obligee named in the bond, and the legal plaintiff in the suit. Such a defect may be cured by amendment, and such amendment will be allowed even in the appellate court.

Argued May 14, 1906. Appeal, No. 69, April, T., 1906, by defendants, from judgment of C. P. Armstrong Co., June T., 1904, No. 153, on verdict for plaintiff in case of Commonwealth to use of School District of Freeport Borough v. W. A. Singer, F. A. Seitz and Frank Maxler. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a tax collector's bond. Before PATTON, P. J.

At the trial plaintiff's counsel offered in evidence the bond of W. A. Singer, with F. A. Seitz and Frank Maxler as sureties, dated July 8, 1902, and approved by the court on July 9, 1902, and filed as of the same date, for the purpose of substantiating the claim of the plaintiff as against the defendants in this case, and to show their liability.

Defendants' counsel object to the offer, under the plaintiff's declaration and the pleadings in the case, for the following reasons:

1. For the reason that the obligees in the bond are the commissioners of the county of Armstrong, Pennsylvania, and so set forth in the bond.

2. It is objected to because it does not show any right of action in the commonwealth of Pennsylvania to maintain suit upon this bond offered in evidence, nor does it show any right in the use plaintiff, to wit, the school district of the borough of Freeport, to maintain this action in the present form, the present action being what is known as a proceeding on an official bond, under the act of 1836.

598 COM. TO USE *v.* SINGER, Appellant.

Statement of Facts—Assignment of Errors. [31 Pa. Superior Ct.

3. It is further objected to as incompetent and irrelevant, to show any liability on the part of the defendants in this case, either to the commonwealth of Pennsylvania, or to the use plaintiff.

The Court: The objections are overruled, the bond is received, and a bill of exceptions is sealed to the defendants. [1]

Plaintiff's counsel reads the bond and the oath thereto, and the approval by the court thereof, to the jury.

Plaintiff's counsel offer in evidence specifically that portion of the auditors' report relative to the settlement of the school tax with W. A. Singer, collector, for the purpose of showing the balance due from the collector to the school district.

Defendants' counsel object to the offer because already offered.

Defendants' counsel now renew their former objection to the auditors' report, in relation to the school tax for the year 1902, and add the additional objection, that the plaintiff has already shown that the collector's accounts, for the year 1902, were audited at the end of the school year, to wit, June, 1903, and these auditors' reports cannot be both legally binding on the sureties in the collector's bond.

The Court: The objection is overruled, the offer admitted, and a bill of exceptions is sealed to the defendants. [2]

Under the above offer, the auditors' settlement with W. A. Singer, collector of school taxes of Freeport borough for the year 1903, made February 23, 1904, was admitted in evidence.

The court charged as follows:

[In this case we will reserve the question, when a bond is made out as this one is, in the name of the commissioners of Armstrong county, and a suit is brought in the name of the commonwealth of Pennsylvania, at the suggestion of, and to the use of, the school district of Freeport borough, whether or not the plaintiff is entitled to recover, reserving the question of law; with the right to enter a verdict for the defendants, non obstante veredicto.] [3]

Verdict and judgment for plaintiff for $1,349.19. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; and (3) portion of charge as above, quoting it.

*W. J. Christy*, of *McCain & Christy*, for appellants, cited: Wampler v. Shissler, 1 W. & S. 365; Com. v. Pray, 1 Phila. 58; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23.

*Samuel H. McClain*, with him *Calvin Rayburn, George M. Hill, John M. Ralston* and *J. D. Daugherty*, for appellee, cited: Clarke v. Potter County, 1 Pa. 159; Glover v. Wilson, 6 Pa. 290; Lehigh County v. Gossler, 24 Pa. Superior Ct. 406; Young v. Machamer, 1 Pearson, 303; Dyer v. Covington Twp., 28 Pa. 186; Com. v. Dauphin County Commissioners, 3 Pa. Dist. Rep. 584; McClure v. Com., 80 Pa. 167; McMicken v. Com., 58 Pa. 213; Com. v. Allen, 2 Pa. Superior Ct. 175; Berks County v. Levan, 86 Pa. 360; Little v. Fairchild, 195 Pa. 614; McGonnigle v. McGonnigle, 5 Pa. Superior Ct. 168; Com. v. Gruver, 13 Pa. Superior Ct. 553; Com. v. Scanlan, 202 Pa. 250; Shartzer v. School District, 90 Pa. 192; Luzerne County v. Rhoads, 1 Kulp, 437; Bank v. Schuylkill County, 190 Pa. 188; Com. v. Price, 15 Pa. Superior Ct. 342; Athens Car & Coach Co. v. Elsbree, 19 Pa. Superior Ct. 618; Schofield v. Lafferty, 17 Pa. Superior Ct. 8; Fisher v. Life Association, 188 Pa. 1; Eckert v. Schoch, 155 Pa. 530; Chapin v. Cambria Iron Co., 145 Pa. 478; Commonwealth v. Patterson, 13 Pa. Superior Ct. 136.

OPINION BY PORTER, J., October 5, 1906:

The defendant, W. A. Singer, having been duly elected tax collector for the borough of Freeport, in the county of Armstrong, duly presented his official bond, with the other defendants as sureties, for the year 1902 to the court of quarter sessions for approval on July 9, 1902, as required by the Act of June 6, 1893, P. L. 333. The bond was dated July 8, 1902, and was approved by the court of quarter sessions of Armstrong county on July 9, 1902, as the official bond of W. A. Singer, as tax collector for the borough of Freeport, and was on said day filed, together with the oath of office of said Singer, as tax collector, in the office of the clerk of said court, as required by the Act of June 25, 1885, P. L. 187. The bond was conditioned in the exact language required by the act of June 25, 1885, and was in the exact form prescribed by that statute, except that instead of the commonwealth of Pennsylvania

being made the obligee therein, as provided by the statute, "the Commissioners of Armstrong County, Pennsylvania," without naming them, were the obligees. The collector failed to account according to law for the school taxes for the school district of the borough of Freeport collected by him, and the school district authorities brought this action against him and his sureties upon the above-mentioned bond. The school taxes in question were within the express condition of the bond, and the only ground upon which the defendants allege exemption from liability is that the commonwealth of Pennsylvania should have been named as obligee in the bond, instead of the commissioners of Armstrong county. The liability of sureties in official bonds is not generally measured by the law requiring the surety, but by that imposing the duties on the officer; when the bond is given as an official bond and the condition imposes no liability not authorized by law, the mere fact that the obligee named is not the one provided by the statute does not vitiate the bond, nor relieve the officer or his sureties from liability: Dyer v. Covington Township, 28 Pa. 186. The tax collector and his sureties having executed the bond in question as his official bond, and the same having been approved by the proper court as such, and the collector having received the school taxes which were clearly within the express condition of the bond, the officer and his sureties are clearly estopped from denying liability for the money so collected: McClure v. Commonwealth, 80 Pa. 167. A variance between a statutory bond and the requisitions of the law is fatal only when the condition would impose a greater burden on the obligor than the law allows, and in such case it is fatal only as to the excess of the obligation imposed: Commonwealth v. Laub, 1 W. & S. 261; McCaraher v. Commonwealth, 5 W. & S. 21. The bond in question was voluntarily given for a lawful purpose, and was not against any statutory prohibition; it may therefore be enforced according to its terms, even though not in the form required by the statute: Franklin for use of the Commonwealth v. Hammond et al., 45 Pa. 507; Commonwealth v. Clipsham, 16 Pa. Superior Ct. 50. The liability of the defendants upon this bond for the school taxes in question is too clear for discussion; the only question is as to the form of the action for their recovery.

The action was brought in the name of the commonwealth to the use of the school district of Freeport borough; the plaintiff filed a statement in the name of the commonwealth as the legal plaintiff, setting forth the election of Singer as tax collector, that he took the oath of office, filed the bond above recited and by virtue of his office collected the taxes which the school district now seeks to recover, and that after the exonerations and commissions were deducted on said school tax duplicate, there was a balance for which said Singer failed to account to the amount of $1,269.82. Attached to and made part of this statement was a copy of the bond which showed that it named "the Commissioners of Armstrong County, Pennsylvania" as obligee, instead of the commonwealth of Pennsylvania. It thus clearly appeared from the statement filed that the use plaintiff was entitled to recover of the defendants, if the facts alleged were true, the amount which it claimed; but it also appeared upon the face of the statement that the commonwealth of Pennsylvania was not the obligee in the bond and should not have been made the legal plaintiff: Glover v. Wilson, 6 Pa. 292. The question was one which went not to the merits but to the form of the action, and the defendants might have raised it by a demurrer. The appellants entered the plea of the general issue and went to a trial upon the merits, which resulted in a judgment against them. The technical objection to the form of the action was one which could have been cured by amendment if the question had been raised in the court below by a demurrer. The form of the action worked no prejudice to the cause of the defendants at the trial upon the merits, and we will permit the amendment to be made in this court. The bond having been executed in favor of "the Commissioners of Armstrong County, Pennsylvania," an action might have been brought in the name of Armstrong county, as the legal plaintiff, to the use of the school district: Clarke v. Potter County, 1 Pa. 159; Dyer v. Covington Township, 28 Pa. 186; Lehigh County v. Gossler, 24 Pa. Superior Ct. 406; Commonwealth v. Snyder, 1 Pa. Superior Ct. 286; Commonwealth v. Allen, 2 Pa. Superior Ct. 175.

The settlement by the borough auditors of the account of Singer as collector of school taxes for the year 1902, made February 23, 1904, was properly admitted in evidence. There

was no legal evidence that the borough auditors had previously made any settlement of the account of Singer as tax collector. Even if the statement. of the account of the treasurer of the school district, for the year ending May 31, 1903, had been in evidence, which it was not, and had been held to constitute an audit of the accounts of the collector, this would have been no advantage to the defendants, for the balance shown by that statement to be then due from the collector was $1,519.82, whereas when the accounts of the collector were actually audited in February, 1903, the balance charged against him was only $1,269.82. The assignments of error are overruled.

The plaintiff is granted leave to amend the record by substituting Armstrong county instead of the commonwealth of Pennsylvania as the legal plaintiff, and the judgment is affirmed.