## Monroe County *v.* Eilenberger, Appellant (No. 1).

*Bonds—County treasurer's bond—County commissioners—Name of obligee.*

It is not an objection to the validity of a county treasurer's bond that it was given to the commissioners of the county by their official title, instead of the county by its corporate name, nor that it was given to the county, instead of the commonwealth. Com. v. Schadt, 214 Pa. 592, distinguished.

An action may be brought in the name of the county to the use of a

borough and certain townships of a county against a former county treasurer and his sureties upon his official bond given to the county as obligee and conditioned as prescribed in sec. 33 of the Act of April 15, 1834, P. L. 537.

Submitted Feb. 25, 1907.    Appeal, No. 7, Jan. T., 1907, by defendant, from judgment of C. P. Monroe Co., Dec. T., 1905, No. 24, for plaintiffs on demurrer in case of Monroe Borough to the use of Stroudsburg Borough, Coolbaugh Township of Chestnut Hill, Smithfield Township and Polk Township v. Fred W. Eilenberger, A. Y. Zimmerman, Jacob E. Michaels, James Armitage, A. W. Knapp and Obadiah Zimmerman, who survive Martin Yetter.    Before RICE, P. J., PORTER, HEN-DERSON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Assumpsit on a county treasurer's bond.    Before STA-PLES, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was in overruling demurrers and in entering judgment for plaintiffs.

*Eilenberger & Huffman*, and *Henry J. Kotz*, for appellant.—In cases of this kind the right of the legal plaintiff is in issue, and the equitable plaintiff must recover, if at all, through the legal right: Guaranty Trust, etc., Co. v. Powell, 150 Pa. 16.
The case is ruled by Com. to use v. Schadt, 214 Pa. 592.

*John B. Williams* and *Frank B. Holmes*, for appellees.—All official bonds, whoever may be named as obligee, are given for the use of the parties having a legal interest in their enforcement: Lehigh County v. Gossler, 24 Pa. Superior Ct. 406 ; Com. v. Snyder, 1 Pa. Superior Ct. 286 ; Com. v. Allen, 2 Pa. Superior Ct. 175 ; Kittanning Boro. v. Mast, 15 Pa. Superior Ct. 51.

OPINION BY RICE, P. J., May 13, 1907 :
This action was brought in the name of the county to the use of a borough and certain townships of the county against a former county treasurer and his sureties upon his official bond given to the county as obligee and conditioned as prescribed

in sec. 33 of the Act of April 15, 1834, P. L. 537. The use parties filed separate declarations or statements, alleging, in substance, that the county treasurer did not faithfully perform the duties of his office, in that he failed to pay to the use plaintiffs their proportion of the retail liquor license fees received by him for their use. The case comes before us upon appeal of the defendants from the action of the court in overruling their demurrers, and entering judgment in favor of the county for the penal sum named in the bond, and assessing damages in favor of each of the use plaintiffs in the amount of its proportion of the license fees which, admittedly, the county treasurer had received for their use and not paid over.

It is not an objection to the validity of a county treasurer's bond that it was given to the commissioners of the county by their official title, instead of the county by its corporate name, nor that it was given to the county, instead of the commonwealth: Clarke v. Potter County, 1 Pa. 159. In a case where action to recover the city's portion of liquor license money which the defendant had received and not paid over, brought by the county to the use of the city against the county treasurer alone upon his official bond given to the county commissioners by their official title, in compliance with the requirements of the 33d section of the act of 1834, Judge SMITH, speaking for this court, said: that all official bonds, whoever may be named as obligee, are given for the use of the parties having a legal interest in their enforcement; that though, technically, the bond in that case was not given to the commonwealth, it was given for the performance of a public trust; and that " to the extent of the money in the treasurer's hands by law payable to the city of Allentown, the city has a legal interest in the enforcement of the bond: " Lehigh County v. Gossler, 24 Pa. Superior Ct. 406. We think it needs no further argument to show that the correct decision of the question of the liability of the defendants to action on the bond in suit for the money due the use plaintiffs does not depend upon the fact that no money is due the county, the obligee named in the bond, but is controlled by the proper construction of the condition of the bond, called for convenience the county bond, of the county treasurer. The question was practically decided in the case just cited, and we should not deem it necessary to

discuss it further, were it not for the contention that the later decision of the Supreme Court in Commonwealth v. Schadt, 214 Pa. 592, requires. a different ruling so far as the sureties are concerned. By the act of 1834 a county treasurer is required to give two bonds, one commonly called the county bond, and the other the commonwealth bond. The condition of the former is prescribed by the 33d section, and the condition of the latter by the 34th section. We cannot better show that the case last cited does not rule the case at bar than by quoting in juxtaposition the material parts of these two sections. The former reads: " Each county treasurer shall give bond, with sureties, to the satisfaction of the commissioners, conditioned for the faithful performance of the duties of his office, for a just account of all moneys that may come into his hands on behalf of the county, for the delivery to his successor in office of all books, papers, documents and other things, held in right of his office, and for the payment to him of any balance of money belonging to the county remaining in his hands." The latter reads: " Each county treasurer shall also, before entering on the duties of his office, give a bond with sufficient security, to be approved, etc., . . . conditioned for the faithful discharge of all duties enjoined upon him by law in behalf of the commonwealth, and for the payment, according to law, of all moneys received by him for the use of the commonwealth," etc. The case of Commonwealth v. Schadt was an action upon the commonwealth bond to the use of the city of Scranton to recover the city's share of liquor license fees received by the county treasurer, and it was held upon a construction of the condition that there could be no recovery. We quote from the opinion of Justice ELKIN: " In other words, the plaintiff who declares on such a bond must set out the breach of the condition on which he relies · to recover. This brings us to the inquiry, Was there any breach of the bond to the injury of the equitable plaintiff in the case? The condition of the bond is that the treasurer 'shall well and truly and faithfully discharge all the duties enjoined upon him by law in behalf of the commonwealth of Pennsylvania, and shall make payment according to law of all moneys received by him for the use of the said commonwealth.' The bond in express terms is conditioned for the protection of the commonwealth,

in so far as the treasurer is enjoined by law to discharge a duty to the state and to make payment of all moneys received by him for its use. There has been no breach of either of these conditions. The duty of paying over liquor license moneys to the city of Scranton is not enjoined in behalf of the commonwealth. It is conceded in the case stated that the defendant Schadt paid over to the commonwealth all moneys collected for its use and for which he was accountable to it. There was, therefore, no breach of the bond, and consequently no injury to the equitable plaintiff about which it can complain." In short, the commonwealth's bond, by its express terms, is conditioned solely for the protection of the commonwealth. It is contended that the county bond is required and given solely for the protection of the county and for the performance of certain expressly specified duties. If this construction be correct, then no bond is required by law for the performance of his duties to safely keep and pay over to the proper municipalities the money he receives for their use from these sources. While this is not, in itself, a conclusive reason which would justify the courts in extending the statutory condition by construction so as to embrace a liability not within the meaning of the words, it is a proper matter to be considered when it is sought to relieve from a liability which the words are comprehensive enough to cover. It is to be observed that section 33 does not declare who shall be the obligee. We entertain no doubt that the bond in question— conditioned as it is in strict accordance with the provisions of the section—would be a valid bond though the commonwealth, instead of the county, were named as obligee. In that case the objection to a construction which would practically render nugatory the words "faithfully perform the duties of his office," or would restrict them to such duties as pertain to the county, would be more apparent but not more substantial than it is in the present case. Unquestionably the neglect or refusal of a county treasurer to pay over such money to the municipal divisions of the county entitled to it is a failure to faithfully perform a duty of his office ; the condition of the bond is broad enough in terms to cover such a breach of official duty, and there is every reason for believing that the legislature intended these words to cover such duties as were then imposed

upon the office and similar duties that might thereafter be imposed upon the office by legislation. " The liability of sureties for the faithful performance of official duties is not generally measured by the law requiring the surety, but by that imposing the duties : " Dyer v. Covington Twp., 28 Pa. 186 ; Com. to the use, etc., v. Singer et al., 31 Pa. Superior Ct. 597. Upon full reconsideration, we adhere to our former decision of the questions distinctly raised by the demurrer of the sureties.

But the demurrer filed by Fred W. Eilenberger, the principal in the bond, raises the question, whether the money for which he is liable to the several use plaintiffs is recoverable in an action brought in the name of the county to their use upon his official bond in which the county is named as obligee. A recovery in this form of action was sustained in Lehigh Co. to the use of Lehigh County v. Gossler, 24 Pa. Superior Ct. 406, where the county treasurer was the sole defendant and there was a single plaintiff. And in Com. to the use, etc., v. Singer et al., 31 Pa. Superior Ct. 597, where a tax collector's bond was taken in the name of the county commissioners, instead of the commonwealth as required by statute, and, in an action on the bond, brought in the name of the commonwealth to the use of a school district against the collector and his sureties, judgment was entered upon verdict for the commonwealth for the penal sum, and damages were assessed in favor of the school district in the amount due to it from the collector, it was held on appeal : first, that the sureties were bound notwithstanding the fact that the county and not the commonwealth was the obligee in the bond ; second that, the action should have been brought in the name of the obligee instead of the commonwealth as legal plaintiff ; third, that this was a purely formal defect which, not having been objected to by demurrer, would be cured by amendment in this court after a trial upon the merits, by substituting the county for the commonwealth as the legal plaintiff. It must be conceded that the question raised here by the separate demurrer of Fred W. Eilenberger, the principal in the bond, is not free from technical difficulty ; but we cannot convict the court below of error in overruling his objection without at the same time overruling the two cases last cited, and we are not convinced that this ought to be done.

Judgment affirmed.